Filed 12/16/13  P. v. Easter CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DERRYL R. EASTER,<br><br>        Defendant and Appellant. | A136925<br><br>(Del Norte County<br>Super. Ct. No. CRPB125102) |

**INTRODUCTION**

Defendant Derryl R. Easter appeals from his conviction of two counts of battery by a prisoner on a non-prisoner.  He maintains the trial court erred in imposing the aggravated term, claiming the court made dual use of the fact of a firearm enhancement from his prior first degree murder conviction.  We affirm.

**BACKGROUND**

We set forth only those facts necessary to consideration of the issue on appeal. Defendant was charged by information with two counts of battery by a prisoner on a non-prisoner.  The information also alleged he had a prior strike conviction for first degree murder.

The evidence showed defendant battered a correctional officer on two separate occasions.  On January 29, 2012, he kicked a correctional officer in the groin.  On April 23, 2012, he threw a liquid, which smelled like a disinfectant called "cell block 64," in a correctional officer's face.  A jury found defendant guilty of both counts and found true the prior conviction allegation.

1

The probation report recommended, based on the aggravating factors of numerosity and seriousness of prior convictions and his prior prison term, a total sentence of 10 years—an aggravated term of four years for count 1, one-third the midterm, or one year, for count 2, and a doubling of the sentence under Penal Code section 667, subdivision(e)(1).[1]

After denying defendant's *Romero* motion[2] to dismiss the strike allegation under section 1385 for defendant's conviction for first degree murder, the court agreed with the probation department's recommendation and sentenced defendant to a 10-year term. The court explained: "I am inclined to follow the recommendation of the probation department. It would appear to me that because of the defendant's record, that this is an aggravated case, not so much for the facts that actually occurred here, but because of the defendant's prior record. As I've indicated, it would appear to me that the Court is required to give consecutive sentences as the Court doesn't really have discretion in that regard. [¶] So it would be my intention to give the aggravated four-year term plus one year consecutive for Count 2. And then double it because of [the] prior strike conviction for a total of ten years." "[G]iven his record and his continued violence, that's why I'm coming down on the . . . side of finding this to be an aggravated case." "I have considered the factors in aggravation and mitigation as set forth in [California Rules of Court, r]ules 4.421 and 4.423. And because of the defendant's prior record of violence and his continuing violence in this case . . . this appears to me to be a case that's aggravated. [¶] I'm taking into consideration the information that I've received at the time of the shackling motion, that this was a cold-blooded killing that he was put in prison for. He put a gun to a woman's head and pulled the trigger.[3] He is a very violent

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[3] The evidence in support of the motion to shackle defendant during trial included that he shot a man in the abdomen during the course of a robbery and had numerous in-custody disciplinary offenses, including mutual combat with use of force, battery on an inmate with no serious bodily injury (choking) and battery on an inmate with a deadly

individual. And because of his prior record is the reason I'm choosing the aggravated term."

## DISCUSSION

Defendant contends the trial court erred in imposing the aggravated term, claiming the court did so "because [defendant's] sentence for first degree murder in 2003 included an enhancement for personally using a firearm resulting in death." Thus, he urges the court improperly made dual use of the fact of his prior firearm use enhancement. The Attorney General responds the court did not violate the bar against dual use of facts because "it did not impose the upper term by using the fact of an enhancement *for which it imposed a sentence*."[4]

We first look to the general rules regarding sentencing. "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . . " (§ 654, subd. (a).) "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of appropriate term shall rest within the sound discretion of the court. . . . In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, . . . and any further evidence introduced at the

weapon (stabbing). Defendant also admitted affiliation with the Black Guerilla Family prison gang.

[4] The Attorney General also maintains defendant forfeited his claim of dual use of facts. "An unauthorized sentence is a narrow exception to the requirement that the parties raise their claims in the trial court to preserve the issue for appeal. [Citation.] Generally, a sentence is unauthorized where it could not have been imposed under any circumstance in the particular case. [Citation.] Common situations where unauthorized sentences occur include violation of mandatory provisions governing the length of confinement. [Citation.] Appellate courts are willing to intervene in such situations because the error is correctable without factual disputes." (*People v. Breazell* (2002) 104 Cal.App.4th 298, 304.) Defendant's challenge reasonably comes within this exception, and we therefore consider the merits of his claim.

sentencing hearing. . . ." (§ 1170, subd. (b).) The court may consider "factors relating to the defendant," including "(1) The defendant has engaged in violent conduct that indicates a serious danger to society; [¶] (2) The defendant's prior convictions as an adult . . . are numerous or of increasing seriousness; [and] [¶] (3) The defendant has served a prior prison term." (Cal. Rules of Court, rule 4.421(b)(1)–(3).)[5] "The court shall select the term which, in the court's discretion, best serves the interests of justice." (§ 1170, subd. (b).)

"The court shall set forth on the record the reasons for imposing the term selected and *the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law.*" (§ 1170, subd. (b), italics added.) Rule 4.420 provides, "[t]o comply with section 1170(b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so. . . . [¶] (d) A fact that is an element of the crime upon which punishment is being imposed may not be used to impose a greater term." (Rule 4.420(c) & (d).)

We need not address defendant's legal argument about the claimed dual use of facts, because the factual predicate of his contention is lacking. The court did *not* indicate it was imposing the aggravated term based on defendant's prior firearm use enhancement. Instead, the court stated imposition of the aggravated term was based on "the factors in aggravation and mitigation as set forth in Rules 4.421 and 4.423, . . . defendant's prior record of violence and his continuing violence in this case." The court further indicated it was "taking into consideration the information that I've received at the time of the shackling motion." That information included evidence of defendant's record and continuing violence after his conviction of first degree murder. Even in prison, defendant continued to commit violent offenses, including mutual combat with use of force, battery on another inmate by choking his cell mate, and battery on another

---

[5] All further rule references are to the California Rules of Court.

4

inmate with a deadly weapon, accomplished by "repeatedly stabb[ing] another inmate in the neck while on the exercise yard."

The court thus properly relied on the fact "defendant has engaged in violent conduct that indicates a serious danger to society." (Rule 4.421(b)(1).) The court's fleeting comment at sentencing about defendant's use of a firearm in committing the murder for which he was incarcerated was simply part of its synopsis of defendant's continuing violent behavior, even behind bars. The court did not rely on defendant's firearm use enhancement in his prior first degree murder sentence to impose the aggravated term in his current battery conviction.

### DISPOSITION

The judgment is affirmed.


_____
Banke, J.


We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.